# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM A. GAYLER,

        Petitioner,

v.

STATE OF NEVADA, et al.,

        Respondents.

Case No. 2:21-cv-00696-RFB-BNW

**ORDER**

Petitioner William Gayler, proceeding *pro se*, has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, or in the alternative, petition for writ of corab nubis (ECF No. 1-1).

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See also Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. See Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998).

Petitioner has not properly commenced this action by either paying the standard filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP"). He submitted a petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254 but he did not pay the $5.00 filing fee or submit an IFP application. Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. However, the Court will not require him to do so because the jurisdictional defects explained in this order result in dismissal of his petition.

In order to obtain habeas relief under Section 2254, the petitioner must demonstrate that he is "in custody." 28 U.S.C. 2254(a). A federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the federal petition. Maleng v. Cook, 490 U.S.

488, 490-91 (1989) (per curiam); Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010).

Furthermore, a petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. Maleng v. Cook, 490 U.S. 488, 492 (1989). Even though there may be some limited circumstances under which a petitioner could attack a fully expired conviction if that conviction was used to enhance a new sentence, such attack would not properly be raised in a habeas petition challenging solely the expired conviction, which is what petitioner attempts to do here. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001); Dubrin v. People of California, 720 F.3d 1095, 1099 (9th Cir. 2013).

Here, Petitioner provides that he was released from custody in June 2020. (ECF No. 1-1 at 3). An examination of the records of the relevant state courts in this case and a search using the inmate locator tool on the Nevada Department of Corrections' website[1] verify that Petitioner is not in custody. Accordingly, as Petitioner was not in custody when he filed his federal petition as contemplated by 28 U.S.C. § 2254, the Court lacks jurisdiction to grant him habeas relief.

Petitioner appears to seek in the alternative a writ of coram nobis. The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody. Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir.1994). Specifically, "[t]he writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors.'" United States v. Walgren, 885 F.2d 1417, 1420 (9 th Cir. 1989) (quoting Yasui v. United States, 772 F.2d 1496, 1498, 1499 & n. 2 (9th Cir.1985)). Where the errors are of "the most fundamental character," such that the proceeding itself is rendered "invalid," the writ of coram nobis permits a court to vacate its judgments. Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987) (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)). The Ninth Circuit has held that to qualify for coram nobis relief, four requirements must be satisfied: "'(1) a more usual remedy is not

---

[1] The inmate locator tool may be accessed by the public online at: https://ofdsearch.doc.nv.gov/.

available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" Estate of McGivney By and Through McGivney v. U.S., 71 F.3d 779, 781-782 (9th Cir. 1995) (quoting United States v. McClelland, 941 F.2d 999, 1002 (9th Cir.1991)).

District Courts have the authority to issue the writ under the All Writs Act, 28 U.S.C. 1651(a). However, a federal petition for a writ of coram nobis cannot be filed by a person seeking to challenge a state petition; it is a writ used by a court to correct its own errors, not errors of another jurisdiction. See Finkelstein v. Spitzer, 455 F.3d 131, 133-34 (2d Cir. 2006); Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003). The All Writs Act otherwise does not constitute an independent source of jurisdiction in and of itself. See Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 33 (2002). Accordingly, even if the Court were to construe this action as a petition for a writ of coram nobis, it would nevertheless be subject to dismissal.

**IT IS THEREFORE ORDERED:**

1. Petitioner William Gayler's Petition for Writ of Habeas Corpus, or in the alternative, Writ for Coram Nobis (ECF No. 1-1) is DISMISSED without prejudice for lack of jurisdiction.

2. A certificate of appealability is DENIED as jurists of reason would not find dismissal for lack of jurisdiction to be debatable or wrong.

3. The Clerk of Court is directed to enter final judgment, accordingly, dismissing this action without prejudice, and close this case.

DATED this 30th day of June, 2021.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE